**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **8:06CR46** |
| **vs.** ) | |
| ) | **ORDER** |
| **BERNARDO LOARCA-LOPEZ,** ) | **CONTINUING TRIAL** |
| ) | |
| **Defendant.** ) | |

This matter is before the court on the defendant's motion to continue trial [12] and waiver of speedy trial [13][1]. For good cause shown, trial will be continued to the next available setting.

**IT IS ORDERED** that the motion to continue trial [17] is granted, as follows:

1.  Trial of this matter is continued from April 25, 2006 to **June 13, 2006** before Judge Laurie Smith Camp and a jury.

2.  The ends of justice will be served by granting such motion and outweigh the interests of the public and the defendant in a speedy trial. Any additional time arising as a result of the granting of this motion, that is, the time between **April 25, 2006 and June 13, 2006**, shall be deemed excludable time in any computation of time under the requirement of the Speedy Trial Act for the reasons stated in the motion, and considering the diligence of counsel. The failure to grant additional time might result in a miscarriage of justice. 18 U.S.C. § 3161(h)(8)(A) & (B).

3.  Counsel for the United States shall confer with defense counsel and, no later than **June 5, 2006**, advise the court of the anticipated length of trial.

**DATED April 21, 2006.**

**BY THE COURT:**

**s/ F.A. Gossett
United States Magistrate Judge**

---

[1] I note that this motion was due on April 10 but was not filed until April 21, 2006. Nor is the accompanying speedy trial waiver in the form required by NECrimR 12.1(a), which requires the ***defendant's*** affidavit or declaration stating that defendant was advised by counsel of the reasons for seeking a continuance; understands that the time sought by the extension may be excluded from any calculation of time under the Speedy Trial Act; with this understanding and knowledge, agrees to the filing of the motion; and waives the right to a speedy trial. **In this instance only**, I will waive full compliance with Rule 12.1(a), and will accept the affidavit of defense counsel [13] in lieu of the defendant's affidavit.